## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRITTANY COSTA, ) | |
| ) | Civil Action No.: 3:20-cv-01536-MPS |
| Plaintiff, ) | |
| v. ) | |
| ) | CONSENT PROTECTIVE ORDER |
| NATIONAL RAILROAD ) | |
| PASSENGER CORPORATION ) | |
| ("AMTRAK"), ) | |
| ) | |
| Defendant. ) | |

### PROTECTIVE ORDER CONCERNING LOCOMOTIVE VIDEO

Before the Court is a Consent Protective Order concerning locomotive video from National Railroad Passenger Corporation ("Amtrak"). The Court having considered this matter hereby orders that a Protective Order should be entered. Accordingly, for good cause shown under Fed. R. Civ. P. 26(c), the Court enters the following Protective Order:

1. The Amtrak locomotive video of the subject incident, including video from the subject control car and Hi-Rail Maintenance vehicle requested in Plaintiff's Second Set of Requests for Documents, and including the substance and content thereof, is considered "Confidential Information" that is subject to the terms of this Protective Order.

2. The term "Confidential Information" specifically includes any and all CDs, DVDs, paper and electronic copies, transcripts, prints, negatives, recordings, duplicates, and summaries of the Confidential Information.

3. The Confidential Information is the sensitive and proprietary property of Amtrak and may be used solely for the purpose of this litigation subject to the terms of this order. The transmission or production of the Confidential Information by Amtrak does not create any interest or right, intellectual or otherwise, in the Confidential Information, and shall not result in

4841-3780-2212v.1

any waiver by Amtrak of its property rights, intellectual or otherwise, or of the developer, manufacturer, and/or distributor of the software.

4. The Confidential Information shall not be disclosed, produced, or disseminated to anyone who is not involved in this case by any recipient and/or its legal counsel (collectively the "Recipient").

5. Upon termination of the above-captioned matter, the Recipient of Confidential Information shall return all Confidential Information to Amtrak and/or its counsel. Recipient shall not retain copies of Confidential Information.

6. The Court further orders that the Recipient shall not allow the Confidential Information, including the substance and content thereof, to be copied or disseminated to any outside electronic media including the Internet.

7. Prior to producing any Confidential Information, or any part thereof, to any party to this lawsuit, Amtrak shall stamp any document or thing containing Confidential Information with the word "Confidential" or other similar language. Amtrak shall permit Plaintiff's counsel to view and inspect the Amtrak locomotive video of the subject incident, along with all the other Confidential Information subject to disclosure pursuant to Rule 26 or pursuant to discovery requests, within fourteen (14) days of entry of this Protective Order or at a mutually convenient time and location for the parties.

8. The Court further orders that the Recipient shall ensure that, if the Confidential Information is shared with any consultant, witness, expert witness, or employee, these individuals shall be advised of this Protective Order and shall be bound by the same, and further that they shall not allow the Confidential Information to be copied or disseminated to any outside electronic media including the Internet. The Recipient may not share the Confidential

Information with any consultant, witness, expert witness, or employee without first obtaining a written, signed acknowledgement from such person that he or she has reviewed and understands this Protective Order, that he or she agrees to be bound by all of its terms, that he or she agrees to be subject to the jurisdiction of this Court with respect to any claimed violations of this Protective Order; that he or she will not reveal the Confidential Information, or any part thereof, to any other person or entity; and that he or she will not discuss the Confidential Information, or any part thereof, with anyone other than the counsel of record who retained him or her. Such written representation shall be in the form attached to this order as Exhibit A.

9. No party shall file any Confidential Information, or any part thereof, with this Court, as an exhibit to any pleading or otherwise, without seeking leave to file such Confidential Information under seal in compliance with D. Conn. Local Rule 5(e).

10. No person who receives any Confidential Information shall sell, offer, advertise, publicize, or provide, under any circumstances or conditions, the Confidential Information, or any part thereof, to any person or entity other than in accordance with the provisions of this Protective Order.

11. The termination of this action shall not relieve any person to whom the Confidential Information has been disclosed from the obligations of this Protective Order. However, any party may seek an order from the Court modifying or lifting this protective order.

s/ Andrew B. Charkow
Andrew B. Charkow, Esq.
Counsel for Defendant Amtrak

George Cahill, Esq.
Counsel for Plaintiff Brittany Costa

**IT IS SO ORDERED**

/s/ MICHAEL P. SHEA
Hon. Michael P. Shea, U.S.D.J.

4841-3780-2212v.1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, in the case captioned, *Brittany Costa v. National Railroad Passenger Corporation ("Amtrak"), Civil Action No.: 3:20-cv-01536-MPS*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Connecticut in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order and solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ Signature: _____

4841-3780-2212v.1